UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JUAN ENRIQUE HERNANDEZ CARDONA, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) ) |
| WARDEN/DIRECTOR ICE PROCESSING FACILITY, NASHVILLE, TN, ET. AL., | ) ) ) ) ) |
| Respondents. | ) |

Agency Case No.: A203-803-130

Case No.: 3:25-cv-01451

## ORDER

Pending before the Court is an "Emergency Motion for Service by the U.S. Marshals Service" (Doc. No. 19, "Motion for Service") filed by Petitioner, Juan Enrique Hernandez Cardona, wherein Petitioner requests that this Court enter an order directing the U.S. Marshals Service ("USMS") to effectuate service of the Summons, Petition for Writ of Habeas Corpus, and the Court's Emergency Temporary Restraining Order in this matter.

Petitioner relies on Federal Rule of Civil Procedure 4(c)(3), which permits the Court at a party's request to order that service be made by a United States marshal or deputy marshal. *See* Fed. R. Civ. P. 4(c)(3). Petitioner argues that (and only that) directing service is necessary here because of the time-sensitive nature of an Emergency Temporary Restraining Order, which the Court issued in this matter on December 16, 2025 (Doc. No. 6, "TRO"). But Petitioner does nothing to substantiate that the time-sensitive nature of the TRO supports tasking USMS with service rather than leaving it to Petitioner to arrange for his own retained process server to

accomplish this. Perhaps the idea is that USMS could do this faster than could any process server arranged by Petitioner. But given USMS's many competing important priorities (not to mention the challenges with staffing that exist at the current time of year), the Court is loath to assume that this is true. Moreover, the Court is unaware of any legal authority it has to dictate to USMS that it prioritize accomplishing the service that Petitioner requests.

In short, this Court is not inclined to order employment on Petitioner's personal behalf of taxed resources (i.e., those of USMS) based on a mere cursory explanation for doing so, and it is especially disinclined to purport to order USMS to expend those taxed resources for Petitioner's benefit on a priority basis without perceiving a legal basis for doing so.

Therefore, the Motion for Service (Doc. No. 19) is DENIED.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE